**In the Matter of Kirpal Singh SAINI, ind. also d/b/a Thrifty Rent-A-Car, also d/b/a Saini & Company, Debtor.**

**THRIFTY RENT–A–CAR SYSTEM, INC., Plaintiff,**

v.

**Kirpal Singh SAINI, ind. also d/b/a Thrifty Rent-A-Car, also d/b/a Saini & Company, Defendant.**

**Bankruptcy No. 82–3924.**
**Adv. No. 83–590.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 31, 1983.

Joy Flowers Conti, Pittsburgh, Pa., for plaintiff.

Henry Miller III, Pittsburgh, Pa., for debtor.

MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matters presently before the Court are a Complaint Objecting to Discharge

filed by Thrifty Rent-A-Car Systems, Inc. at Adversary Number 83–590; and a Motion to Dismiss Bankruptcy Case filed by the same party at Bankruptcy Number 82–3924.

In its Complaint Objecting to Discharge, Plaintiff alleges as follows. During the period commencing in June, 1982 and ending in November, 1982 Debtor was engaged in the business of car rentals in Corapolis, Pennsylvania under the name of Thrifty Rent-A-Car. In his Statement of Financial Affairs, Debtor certified that no books or records had been destroyed, lost, or otherwise disposed of within two years prior to the filing of the petition. In Count I of the Complaint, Plaintiff alleges that Debtor has failed to produce the books of account and records relating to the Thrifty Business. Plaintiff further alleges that Debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve books or records relating to the business. Accordingly, Plaintiff seeks the entry of an order denying discharge pursuant to § 727(a)(3) of the Bankruptcy Code.

The objection set forth in Count II of the Complaint is based upon § 727(a)(4) of the Code. Therein, Plaintiff avers that Debtor knowingly and fraudulently withheld from the Trustee those books and records relating to the Thrifty business.

In Count III of the Complaint, Plaintiff alleges that in May, 1982 Debtor had a net worth of $150,000., including the following assets: certificates of deposit in the amount of $80,000.; savings account in the amount of $13,500.; term deposit valued at $36,500.; jewelry valued at $8,000.; household property valued at $5,000.; and an automobile valued at $7,000. It is further averred that in September, 1982 Debtor's monthly gross receipts from Thrifty Rent-A-Car were approximately $44,000.; and monthly net profits from the business were approximately $7,500.

Plaintiff avers that Debtor's schedules do not reflect the aforementioned assets. It is further averred that Debtor's schedules reveal no gambling losses during the year preceding the filing of the Bankruptcy petition. However, Debtor testified at the First Meeting of Creditors that he sustained gambling losses in the amount of $80,000. to $100,000. Plaintiff objects to discharge of Debtor on the basis of § 727(a)(5) for Debtor has failed to satisfactorily explain the loss of assets. Plaintiff further objects to Debtor's discharge on the basis of § 727(a)(6), for Debtor has failed to comply with a subpoena duces tecum requiring production of books and records at the First Meeting of Creditors.

Plaintiff has also filed a Motion to Dismiss Bankruptcy case, wherein it similarly alleges Debtor's failure to explain loss of assets; failure to comply with the subpoena duces tecum; failure to maintain books and records; and failure to provide Trustee with the same.

In its Answer, Debtor avers that his books and records are presently in the possession of Thrifty Rent-A-Car. Debtor has also filed an Application to Dismiss the Bankruptcy Petition without prejudice; and Plaintiff has objected thereto.

Debtor did not appear at the April 20, 1983 hearing on the above matters. The Court continued the hearing in order to provide Debtor with every opportunity to fully explain the facts. On May 24, 1983 Plaintiff advised the Court that despite numerous attempts to serve Debtor with a certified Subpoena to Witness to compel his attendance at the rescheduled hearing, its efforts were unsuccessful.

On the basis of the testimony offered at the June 24, 1983 continued hearing on the Objections to Discharge and Motion to Dismiss Bankruptcy Case, the Court enters the following Findings of Fact. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 14, 1982. Debtor's Statement of Financial Affairs and Schedules contain the following information: Debtor had been engaged in the business of car rentals known as Saini and Co., Inc. d/b/a Thrifty Rent-A-Car, located at 1432 Beers School Road, Coraopolis, Pa. since May 12, 1982. In his Statement, Debtor represented that all books of account and records were in his possession;

and that none had been destroyed, lost, or otherwise disposed of within two years prior to the filing of the petition. Debtor also represented therein that he had not suffered any losses from fire, theft or gambling during the year preceding the filing of the bankruptcy petition. Debtor further stated that on May 10, 1982 he had issued a written financial statement to Thrifty Rent-A-Car Company.

On Schedule A–2, Debtor lists Thrifty Rent-A-Car as a creditor holding security with a claim in the amount of $50,000; said sum representing the balance due on a franchise obligation. Creditors holding unsecured claims without priority were listed in the total amount of $14,693.

On Schedule B–2, Debtor lists personal property in the amount of $178,995.16; consisting in part of a "contract of sale of franchise Thrifty Rent-A-Car Systems, Inc. for the County of Allegheny, State of Pennsylvania" in the amount of $125,000.

Prior to the filing of the petition in bankruptcy, Debtor entered into a franchising agreement with Thrifty Rent-A-Car commencing June 1, 1982, for which Debtor agreed to pay the sum of $80,000. Debtor tendered $30,000 in cash, and notes were given for the remaining $50,000.

Prior to that time, Debtor had furnished Thrifty Rent-A-Car with a written financial statement dated May 10, 1982, which listed Debtor's assets as follows: 6 month CD's in the amount of $80,000; accrued interest thereon in the amount of $5,000; savings accounts in the amount of $13,500; term deposit in the amount of $36,500; jewelry in the amount of $8,000; household property in the amount of $5,000; and an automobile in the amount of $7,000. Also listed were liabilities in the amount of $5,000.

At the hearing on this matter, Gary Lee Hobaugh, General Counsel for Thrifty Rent-A-Car System testified that the monthly revenues from Debtor's operation were approximately $35,000 to $40,000 in or about June, 1982. Another witness testified that for the months of July and August, 1982, the monthly gross income was $42,017.65 and $40,644 respectively.

Under the license agreement, Debtor was required to pay Thrifty Rent-A-Car 7% of his gross time and mileage. Hobaugh testified that Thrifty Rent-A-Car received no rental payments from the Debtor during the period of July through November, 1982. Further, Debtor did not pay his obligations with respect to supplies and rental of vehicles for that same period. The Proof of Claim filed on behalf of Thrifty Rent-A-Car indicates that it is owed in excess of $205,000.

On October 14, 1982 Thrifty Rent-A-Car notified Debtor of his default under the license agreement. In November, 1982 Thrifty Rent-A-Car terminated Debtor's franchise and commenced legal proceedings against Debtor in the United States District Court for the Northern District of Oklahoma. Thereafter, on December 14, 1982 Debtor commenced the bankruptcy proceedings at bar.

Brian Copos, present manager of Thrifty Rent-A-Car, Coraopolis, testified that in late September or early October, Debtor removed from the premises all business reports which reflected daily and monthly gross revenues. Thereafter, Debtor continued to remove the new records on a daily basis. Judith Franks, a Thrifty Rent-A-Car employee, testified that Debtor advised her of his removal of all daily business reports from the premises.

Debtor did not appear at the First Meeting of Creditors scheduled for February 3, 1983. However, Debtor did appear at the rescheduled meeting on February 28, 1983. At that time, Debtor testified that his gambling losses exceeded $80,000; although his schedules reflect no such loss. At that time, Debtor further testified that the business books and records for the period of May, 1982 and November, 1982 were not in his possession; nor did he have knowledge of the gross receipts during that period.

After careful consideration of the extensive testimony offered at the hearing on this matter, the Court is satisfied that the allegations set forth in Plaintiff's Complaint are accurate. Accordingly, the Debt-

or's discharge is denied pursuant to § 727 of the Bankruptcy Code. Plaintiff's Motion to Dismiss Bankruptcy Case is denied.